UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GA

EVELYN ALLEN

      Plaintiff,

V.                                            CIVIL ACTION NO

SYNDICATED OFFICE SYSTEMS, LLC
D/B/A/ CENTRAL FINANCIAL CONTROL

Defendant.                             JANUARY 19, 2015

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; and regulations issued thereunder.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Alpharetta, GA.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA and has a principal place of business located at 3560 DALLAS PARKWAY, FRISCO, TX 75034-0000.

6. Defendant reported to the three (3) major credit bureaus on or about February 4, 2014, that Plaintiff owed $250 to Fulton Hospital, in connection with collection efforts with regard to plaintiff's disputed medical debt.

7. At all times material hereto, plaintiff was a "consumer" as said term is defined under 15 U.S.C. §1692a (3).

8. At all times material hereto, "Fulton Hospital", represented by Defendant was a "creditor" as said term is defined under 15 U.S.C. §1692a (4).

9. At all times material hereto, the amount purportedly owed to "Fulton Hospital" represented by Defendant was a "debt" as said term is defined under 15 U.S.C. §1692a (5).

10. Plaintiff discovered the trade line entry, reported by the Defendant on her credit report on December 27, 2014.

11. Plaintiff mailed a certified letter dated December 30, 2014 to Central Financial Control, disputing the debt, and provided an explanation that she spoke to the creditors billing agent, and was advised that there were discrepancies in the account and also advised by the creditor, (Fulton Hospital), that her insurance carrier denied the original claim, the account was erroneously marked as self pay and that the hospital was going to re-submit the bill to the insurance provider.

12. Defendant replied to the dispute with a letter dated January 15, 2015. (See Exhibit 1).

13. The Defendant's validation letter fails to provide the required notice pursuant to §1692e (11).

14. Defendants letter states "All Collection activity has been suspended on the above mentioned account pending Blue Cross Blue Shields response."

15. Defendants letter further states "We have requested Experian, Transworld and Equifax to remove the account."

16. Defendants letter finally states "In order to prevent your account from reporting to the CRA, please remit payment in full."

17. Defendant's letter states all collection activities have suspended when in fact that statement is not true, as the Defendant makes a demand for payment in order to prevent re-reporting to the credit bureaus.

18. Defendants letter dated January 15, 2015, Exhibit 1 is false, deceptive and misleading in violation of §1692e.

19. Defendant initially reported the Plaintiff owed $250.00 to the Credit Bureaus on February 4, 2014.

20. Defendant continued to report that same amount owed through December 31, 2014.

21. After Defendant received Plaintiff's certified dispute letter on January 2, 2015, they began to report that the Plaintiff owed $687 as of January 7, 2015.

22. Defendant violated §1692e (2) (a).

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

(A) the character, amount, or legal status of any debt.

23. Defendant's collection letter, exhibit 1, lists the name of the Defendant's business as Central Financial Control. The true business name of the Defendant is Syndicated Office Systems, LLC.

24. Defendant violated §1692e (14).

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

25. In the collection efforts, the Defendant violated the FDCPA; inter alia, §1692e.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff statutory damages pursuant to the FDCPA.
2. Award Plaintiff costs of suit and a reasonable attorney's fee.
3. Award such other and further relief as this Court may see fit.

THE PLAINTIFF

BY/S/Bernard T. Kennedy
   Bernard T. Kennedy, Esquire
   The Kennedy Law Firm
   34 Roger Street, Suite A
   Blairsville, GA 30512
   (706) 400- 2650
   (443) 440-6372 Fax
   bernardtkennedy@yahoo.com

23. Defendant's collection letter, exhibit 1, lists the name of the Defendant's business as Central Financial Control. The true business name of the Defendant is Syndicated Office Systems, LLC.

24. Defendant violated §1692e (14).

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

25. In the collection efforts, the Defendant violated the FDCPA; inter alia, §1692e.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff statutory damages pursuant to the FDCPA.
2. Award Plaintiff costs of suit and a reasonable attorney's fee.
3. Award such other and further relief as this Court may see fit.

THE PLAINTIFF

BY /S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
34 Roger Street, Suite A
Blairsville, GA 30512
(706) 400- 2650
(443) 440-6372 Fax
bernardtkennedy@yahoo.com